IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TENNESSEE WESTERN DIVISION

**Tranisha Scruggs,**

    Plaintiff,

v.                                         **Civil Action No.:**

**Wal-Mart Stores, Inc.,**

    Defendant.

**VERIFIED COMPLAINT FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT AND FAIR LABOR STANDARDS ACT**

COMES NOW Tranisha Scruggs ("Ms. Scruggs"), by and through counsel, for her Complaint against Defendant Wal-Mart Store, Inc., ("Wal-Mart"), states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Ms. Scruggs brings this action under federal law, specifically the Family & Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Wal-Mart's practices were and are in direct violation of the FMLA, 29 U.S.C. § 2615, and FLSA, 29 U.S.C. § 201 *et seq*.

3. For said violations, Ms. Scruggs seeks declaratory relief; back wages; compensation for work hours for which she was unpaid or underpaid including overtime premiums for all hours worked over forty hours in a work week; liquidated damages/or other damages as permitted by applicable law, and attorneys' fees, costs, and expenses incurred in this action.

Doc ID: d0d08eb1525909995860f2f060334f2c0324d72e

## PARTIES

4. Ms. Scruggs is an adult resident of Somerville, Fayette County, Tennessee.

5. Upon information and belief, Defendant is a Delaware-based corporation and may be reached for service through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## JURISDICTION & VENUE

6. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Family & Medical Leave Act, 29 U.S.C. § 2601 *et seq.* and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

7. Defendant is a legal entity and has sufficient minimum contacts with the State of Tennessee such that it is subject to service of process in Tennessee and does business in the State of Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Ms. Scruggs' claims occurred in this District.

## FACTUAL BACKGROUND

9. Ms. Scruggs worked as an Online Grocery Associate at Wal-Mart in Oakland, Tennessee from May 2017 until March 22, 2021.

10. On multiple occasions, including, but not limited to, October 13, 2020 and December 14, 2020, Ms. Scruggs was required to perform off-the-clock work after completing her shift.

11. Although she was informed by her supervisor that her supervisor would be sure and add this additional time to her time-card, this time was never added, and therefore, Ms. Scruggs was never compensated for her labor.

12. On March 8, 2021, Ms. Scruggs began exhibiting symptoms associated with COVID-19 and was sent home for medical treatment after a partial day of work by her supervisor.

Doc ID: d0d08eb1525909995860f2f060334f2c0324d72e

13. That same day, Ms. Scruggs went to an urgent care clinic for Covid testing.

14. The clinic provided Ms. Scruggs a letter authorizing her to be off work on March 8 and 9.

15. Ms. Scruggs provided this letter to her supervisor on March 11.

16. Also on March 11, 2021, she learned from the clinic that she had tested positive for Covid-19.

17. Ms. Scruggs immediately called Sedgwick, Wal-Mart's third-party FMLA administrator, and requested FMLA leave for her required quarantine period.

18. She was approved for leave for March 13 (her next scheduled day of work) through March 21, 2021.

19. On March 22, Ms. Scruggs returned to work as scheduled.

20. She was immediately informed that she had been terminated due to her absences on March 8 and 9, although these absences were plainly excused.

## **COUNT ONE – VIOLATION OF THE FMLA**

21. Ms. Scruggs realleges and incorporates all allegations above as if actually set forth herein.

22. At all relevant times, Wal-Mart was an "employer" engaged in interstate "commerce" within the meaning of the FMLA, 29 U.S.C. § 2611.

23. At all relevant times, Ms. Scruggs was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611.

24. The FMLA entitles eligible employees to take up to twelve weeks of unpaid leave during any twelve-month period because of a serious health condition that renders the employee unable to perform the functions of his or her position. 29 U.S.C. § 2612(a)(1)(D).

25. The FMLA also prohibits employers from discharging an employee who exercises or attempts to exercise his or her rights under the FMLA. 29 U.S.C. § 2615(a).

26. Ms. Scruggs began exhibiting symptoms associated with COVID-19 at work on March 8,

Doc ID: d0d08eb1525909995860f2f060334f2c0324d72e

2021 and was sent home by her supervisor to get tested.

27. Ms. Scruggs' doctor kept her off work until her test results arrived, providing her a work excuse for March 8 and 9, which Ms. Scruggs provided to her employer on March 11.

28. On March 11, 2021, she was informed that she had tested positive and was to be quarantined through March 21.

29. Ms. Scruggs notified her supervisor, and the benefits administrator, Sedgwick, about her anticipated leave.

30. Ms. Scruggs received confirmation from Sedgwick approving her leave through March 21.

31. Upon her return to work on March 22, 2021, Ms. Scruggs was summarily terminated.

32. Ms. Scruggs was told that she was being terminated for absences on March 8 and 9, 2021, absences that were plainly excused.

33. The foregoing conduct, as alleged, constitutes interference and retaliation in violation of the FMLA, 29 U.S.C. § 2615(a).

## COUNT TWO – VIOLATION OF THE FLSA

34. Ms. Scruggs realleges and incorporates all allegations above as if actually set forth herein.

35. At all relevant times, Wal-Mart was as "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA 29 U.S.C. § 203.

36. At all relevant times, Defendant employed Ms. Scruggs.

37. At all relevant times, Wal-Mart has gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

38. The FLSA requires each covered employer to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage and compensate for all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for

work performed in excess of forty hours in a work week. 29 U.S.C. §§ 206, 207.

39. The FLSA further provides that any employer who violates these aforementioned sections "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

40. On multiple occasions, Ms. Scruggs was required to perform off-the-clock work after completing her shift.

41. Although she was informed by her supervisor that her supervisor would be sure and add this additional time to her time-card, this time was never added, and therefore, Ms. Scruggs was never compensated for her labor.

42. Further, because Ms. Scruggs regularly worked forty-hours per week, any additional time that Ms. Scruggs worked should have been compensated at her time-and-a-half rate.

43. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

44. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Scruggs prays for relief as follows:

- A declaratory judgement that the practices complained herein are unlawful under the FMLA and FLSA;

- Pre-judgement interest, as provided by law;

- An award of money damages for lost wages resulting from her termination; unpaid wages, unpaid overtime premiums, liquidated damages, and compensatory and punitive damages in an amount to be determined at trial;

5

Doc ID: d0d08eb1525909995860f2f060334f2c0324d72e

- An award of costs and expenses of this action incurred herein including reasonable attorneys' fees and expert fees;

- Any and all further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to a jury trial

    Respectfully submitted,

    s/Philip Oliphant

Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Ave. 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

Doc ID: d0d08eb1525909995860f2f060334f2c0324d72e

## **DECLARATION & VERIFICATION**

I, **Tranisha Scruggs**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Tranisha Scruggs**

Date: 07 / 22 / 2021
_____

7

Doc ID: d0d08eb1525909995860f2f060334f2c0324d72e

Doc ID: d0d08eb1525909995860f2f060334f2c0324d72e



Audit Trail

| | |
|---|---|
| **TITLE** | Amended Complaint |
| **FILE NAME** | Tranisha Scruggs Complaint.pdf |
| **DOCUMENT ID** | d0d08eb1525909995860f2f060334f2c0324d72e |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

Document History

**SENT**   **07 / 22 / 2021**   Sent for signature to Tranisha Scruggs
         14:48:59 UTC-5        (tscruggs023@gmail.com) from jlc@cronelawfirmplc.com
                               IP: 96.84.128.62

**VIEWED**  **07 / 22 / 2021**   Viewed by Tranisha Scruggs (tscruggs023@gmail.com)
          14:53:05 UTC-5        IP: 174.247.240.4

**SIGNED**  **07 / 22 / 2021**   Signed by Tranisha Scruggs (tscruggs023@gmail.com)
          14:57:04 UTC-5        IP: 174.247.240.4

**COMPLETED**  **07 / 22 / 2021**   The document has been completed.
             14:57:04 UTC-5

Powered by HELLOSIGN